BOYD, Justice.
These consolidated cases are before us on appeal from the Circuit Court in and for the Second Judicial Circuit of Florida. The judgment appealed held that Chapter 70-989, Laws of Florida, was unconstitutional and that the appellant, Broward Williams, be permanently enjoined from enforcing that Act. The judgment below passed directly on the validity of a state statute, giving this Court jurisdiction of the appeal under § 4, Article V, of the Florida Constitution, F.S.A.
Chapter 70-989, Laws of Florida, provides :
“Section 1. Notwithstanding anything to the contrary, pertaining to automobile *66 insurance rates, as contained in the Florida Statutes or rules and regulations promulgated thereunder, insurance rates charged by an insurer on automobile insurance policies issued or renewed after the effective date of this act shall not be in excess of the rate charged by such insurer on July 1,1970.
“Section 2. The provisions of this act shall remain operative only for a period of one hundred twenty days, such period to commence on the effective date of this act.
“Section 3. This act shall take effect immediately upon becoming law.”
The foregoing act was passed by the Legislature in Special Session on October 9, 1970, and became effective and was approved by the Chief Executive on October 10, 1970. The “Whereas” clauses of the act set out the purpose of the Legislature in enacting the “one hundred twenty day moratorium on increases of automobile insurance rates.” The intention is stated “to temporarily restrain the automobile insurers from increasing insurance rates to an excessive degree until such time as a special session of the legislature can be called after the general election in November to establish statutory guidelines thereby ensuring the general welfare of the public * * * »[1]
Appellees, plaintiffs below, filed similar complaints attacking the constitutionality of Chapter 70-989 on three main grounds: (1) insufficient title under § 6, Article III of the Constitution; (2) denial of due process of law, and (3) denial of equal protection of the law.
The trial court held the title of tt;e Act to be constitutionally sufficient stating:
“The attack upon the title to the act is predicated upon the contention that the phrase ‘moratorium on increases of automobile insurance rates’ should be construed as conveying to the reader the idea that the moratorium is to be upon future rather than past increases in insurance rates. This is not the necessary or most common meaning of the word ‘moratorium’.”
We agree with the holding of the trial court that the title of the Act, including its use of the word moratorium, is constitutionally sufficient.[2]
Appellees contended below that Chapter 70-989, was unreasonable and ar *67 bitrary and constituted a taking of their property without just compensation in violation of the due process clauses of the State and Federal Constitutions. The trial court found it unnecessary to pass on the asserted denial of due process because of its ruling that the Statute violated the equal protection clause. Appellees have not pursued the due process argument as such in their briefs and arguments before this Court.
The trial court found that insurance is a business clearly affecting the public welfare and that the fixing of reasonable rates at which insurance may be sold is a proper exercise of the police power. The Court recognized that rates fixed by the Legislature are “presumptively reasonable” but nonetheless found that the Statute violated equal protection of the law, stating:
“The statute became effective immediately upon becoming a law on October 10, 1970. For some three years prior to that time the law had, with qualifications not material here, permitted insurers to fix their own rates. During that time many, if not all, automobile insurers had increased their rates one or more times. The latest increases of some companies had been before July 1, 1970. The latest increases of others, including plaintiff, had been after July 1, 1970. The statute freezes the rates of each company at the rate being charged by that company July 1, 1970.
“In practical operation the statute fixes a different schedule of premiums for each company just as effectively as though each company had been designated by name and its rate schedule incorporated in the law. The statute fixes these different rates of different companies even though they were writing identical business in the same location and under the same conditions.”
We respectfully disagree with the foregoing holding. Chapter 70-989 operates uniformly and without classification as to all automobile insurers within the State.[3] The rates in effect on July 1, 1970, were set by the companies themselves on a free competitive basis in accordance with the so-called “California Plan.” The Legislature selected the date of July 1, 1970, as the date on which rates were to be set and provided that the rates in effect on that date would be the maximum rates for policies sold or renewed commencing on October 10, 1970, the effective date of the Act. Any date selected would be more favorable to some companies than to others depending on the last rate increase made by any particular company.
As stated by the United States Supreme Court in an early case, the equal protection clause “does not forbid statutes and statutory changes to have a beginning, and thus discriminate between the right of an earlier and later time.”[4]
It is significant to note here that the Act does not operate retroactively to affect policies issued or renewed prior to its effective date of October 10, 1970. Only policies sold or renewed within the one hundred twenty days commencing on October 10, 1970, are affected. This legislation is designed to maintain the status quo pending the study of the complex and urgent problem of automobile insurance in the State.
The insurance industry and the public recognize that the State of Florida has the right to exercise control over the insurance industry, a right extensively exercised in the past in regulating, among other things, the rates charged policy holders. It should not have come as a surprise, therefore, when the Legislature enacted Chapter 70-989, “freezing” rate increases pending investigation and study of ways to limit spiraling insurance rates.
It is not the function of this Court to determine the wisdom of legislation or *68 to pass on its efficacy as a solution of the problem sought to be remedied. We have considered the objections raised by the ap-pellees and have carefully studied the briefs, arguments of counsel and orders of the learned trial judge. We conclude, and now hold, that Chapter 70-989 is constitutional.
Accordingly, the decision of the trial court is affirmed in part and reversed in part, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, Acting C. J., CARLTON, J., and DEKLE and SACK, Circuit Judges, concur.
DREW and ADKINS, JJ., concur specially with opinion.

. “WHEREAS, automobile insurance rates have risen at an alarming rate since the passage of the so-called California Plan in Florida; and
“WHEREAS, certain automobile insurers have recently increased their premium rates by a large percentage; and “WHEREAS, it is the responsibility of the elected representatives of the people to promote the public welfare by regulating automobile insurance rates when these rates are increased to such a degree as to be excessive, inadequate or unfairly discriminatory; and “WHEREAS, it is the intention of the legislature to temporarily restrain the automobile insurers from increasing insurance rates to an excessive degree until such time as a special session of the legislature can be called after the general election in November to establish statutory guidelines thereby ensuring the general welfare of the public; and
“WHEREAS, until said special session is convened the legislature shall require sufficient time to study and consider proposals to improve the present insurance code of Florida to better protect the' public from excessive, inadequate, and unfairly discriminatory insurance rates and coverage; and
“WHEREAS, it is an economic necessity for citizens of this state to own and operate automobiles; and
“WHEREAS, Chapter 324, Florida Statutes (financial responsibility) virtually requires that all automobile owners obtain automobile insurance coverage, it is therefore imperative that the legislature ensure that the citizens of this state are adequately protected from arbitrary insurance rate increases,”

. “A bill to be entitled An act relating to insurance; providing for a one-hundred twenty day moratorium on increases of automobile insurance rates; providing an effective date.”

. Williams v. Newton, 236 So.2d 98 (Fla. 1970).

. Williams v. Walsh, 222 U.S. 415, 421, 32 S.Ct. 137, 56 L.Ed. 253 (1912).